OPINION OF THE COURT
Lee L. Holzman, S.
Decedent’s mother petitions pursuant to SCPA 2003 for the entry of an order permitting her to open and examine the contents of a safe-deposit box in the name of the decedent and his spouse. Petitioner alleges that, after decedent’s death, his wife initially resisted her efforts to examine the contents of the box and thereafter opened an empty box in her presence. *274 Petitioner candidly states that she wants to ascertain the contents of the box and when they were removed.
SCPA 2003 is eloquently silent on the subject of the status which a petitioner must have before she can examine the contents of a decedent’s safe-deposit box. It merely provides that the court "may make an order ex parte directing such person * * * named in the order to examine the papers or safe deposit box” and to make an inventory of the contents in the presence of a representative of both the State taxing authority and the bank. The bank has the obligation to deliver any purported will to the court, any deed to a burial plot to a person named in the order, and any insurance policy to the named beneficiary.
Although SCPA 2003 does not prescribe the persons who may petition, at least one commentator has indicated that the request should come from the Public Administrator in the absence of a petition by a person who believes himself to be a nominated executor in the will or a distributee (10-C CoxArenson-Medina, NY Civ Prac 2003.04). There is merit to this suggestion. Those who are merely inquisitive have no right to pry into the safeguarded papers of a decedent.
This application must be denied for more than one reason. In the absence of an allegation that petitioner is a distributee (under EPTL 4-1.1, petitioner is only a distributee if the decedent died without issue), the nominated fiduciary in a testamentary instrument, or, perhaps, the beneficiary of an insurance policy, she lacks the status to have access to decedent’s private affairs. This appears to be one instance where a mother does not necessarily have the right to know. Moreover, and of greater significance, petitioner already knows that the box was empty at some time after decedent’s death. The court does, not possess sufficient facts to know what remedy petitioner should pursue in the event that she believes that she has a legitimate claim to some of the items that might have been in decedent’s safe-deposit box. In any event, the provisions of SCPA 2003 may not be used as a substitute either for a proceeding to appoint a fiduciary who would have the obligation to garner the assets of a decedent or for a proceeding to recover assets from the duly appointed fiduciary.
Accordingly, this decision shall constitute the order of the court denying the application without prejudice to any other proceeding that might be appropriate.