OPINION OF THE COURT
Lee L. Holzman, J.
*375 In these estates of a husband and wife, separate petitions were filed pursuant to SCPA 2003 for the entry of orders permitting access to and examination of the contents of safe deposit boxes in the names of the decedents.
The petitioner in Steven’s estate is his brother who acknowledges that Steven’s wife, Rita, postdeceased; therefore he is not a distributee. The petitioner in Rita’s estate is an alleged first cousin, who alleges that Rita’s distributees are five first cousins. The petitioners’ attorney was advised by court personnel that under the circumstances, it would be necessary for the Public Administrator to initiate the box opening (see SCPA 1001 [8]). However, the petitioning attorney requested that the petitions be reviewed by the court and that a decision be rendered.
SCPA 2003 provides the means by which a person may petition the surrogate’s court for an order to open a safe deposit box, but fails to specify who has status to examine the contents of a decedent’s safe deposit box. However, it appears that the contents of the safe deposit box of a decedent should only be viewed by a person who might have priority to be appointed the fiduciary of the estate or by a person interested in the estate (see SCPA 103 [39]). Consequently, this court has consistently required that the petitioning party must be either a distributee of the decedent, the nominated fiduciary or designated beneficiary in a testamentary instrument or the beneficiary of an insurance policy (see Matter of Sanchez, 140 Misc 2d 273, 274 [1988]).
 With respect to Steven’s estate, his brother is not a distributee as Steven was survived by his spouse who is his sole distributee. In Rita’s estate, it is alleged there are no relatives closer than cousins. In order to establish their status as distributees, cousins are required to present proof excluding the possibility that the decedent was survived by any person who would be entitled to inherit from the decedent to the exclusion of the cousins and that they are in fact the decedent’s cousins (see EPTL 4-1.1; Matter of Morrow, 187 Misc 2d 742 [2001]). Where the box can be opened by a public official, the Public Administrator, to ascertain whether it contains any items that require administration, it makes no sense to conduct a kinship hearing at this time to determine the status of the alleged cousins.
The instant matter presents no reason to vary the court’s long established procedures. Accordingly, this decision consti *376 tutes the order of the court denying the applications and directing the Public Administrator to open the decedents’ safe deposit boxes.